```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------
In re
      NEW CREATION FELLOWSHIP OF BUFFALO,          BK 21-11127 CLB


                    Debtor.                        DECISION & ORDER
-----------------------------------------------------
      STEPHEN GRANT,

                    Plaintiff,                     AP 22-01002 CLB

           v.

      NEW CREATION FELLOWSHIP OF BUFFALO,

                    Defendant.
-----------------------------------------------------
```

                    Hoover & Durland LLP
                    Timothy W. Hoover, Esq.
                    Spencer L. Durland, Esq.
                    561 Franklin Street
                    Buffalo, New York 14202
                    Attorneys for Plaintiff

                    Hodgson Russ LLP
                    James C. Thoman, Esq.
                    Guaranty Building
                    140 Pearl Street
                    Buffalo, New York 14202
                    Co-Counsel for Plaintiff

                    Raymond C. Stilwell, Esq.
                    4476 Main Street, Suite 120
                    Amherst, New York 14226
                    Attorney for Defendant


Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

     Stephen Grant has moved for summary judgment with regard to various cross-claims that Mr. Grant and New Creation Fellowship of Buffalo have asserted against each other in the context of an action by a lender to recover moneys due on a note. Relevant issues include whether the Court should abstain from deciding this dispute and the binding effect of various state court orders.

New Creation Fellowship of Buffalo is a religious corporation organized and existing under the Religious Corporations Law of the State of New York. Stephen Andzel serves as its pastor and president. Stephen Grant is a former member who had helped to manage the Fellowship's financial affairs.

Stephen Grant represents that prior to 2015, he either loaned money or caused the lending of money to New Creation Fellowship. In order to effect the repayment of this indebtedness, Grant applied on behalf of the church for financing from the Bank of Akron. Ultimately, the Bank agreed to a loan of $375,000, to be secured by a mortgage on the property where New Creation maintained a church and school. Additionally, the commitment letter required the personal guaranty of Stephen Grant.

At the time of closing of the loan from the Bank of Akron, section 12 of the New York Religious Corporations Law provided, with exceptions not here relevant, that "[a] religious corporation shall not sell, mortgage or lease for a term exceeding five years any of its real property without applying for and obtaining leave of the court therefor pursuant to section five hundred eleven of the not-for-profit corporation law . . . ." N.Y. RELIG. CORP. LAW § 12 (McKinney 2014). Accordingly, in November of 2014, New Creation Fellowship submitted an application, on notice to the New York Attorney General, for authorization to borrow funds from the Bank of Akron. On December 30, 2014, a justice of the New York State Supreme Court issued an order containing the following directive:

> "Ordered, that Petitioner NEW CREATION FELLOWSHIP OF BUFFALO is hereby granted leave to enter into a mortgage upon said realty in favor of the Bank of Akron in the sum of $375,000.00 as specified in the commitment letter of said bank dated November 14, 2014, and that upon the closing of said loan, the proceeds shall be utilized to reimburse a parishioner, Stephen L. Grant, for the cash advances that he has made to the Petitioner over the last 30 years."

Pursuant to this authorization, New Creation Fellowship and the Bank of Akron closed the loan transaction on January 9, 2015. At the same time, Stephen Grant signed a separate agreement under which he gave to the lender a "guaranty of payment and performance

and not of collection." Subsequent to receipt of loan proceeds, the church paid $375,000 to Stephen Grant.

Under the terms of the note, New Creation Fellowship agreed to make monthly payments of principal and interest in the amount of $2,400.87. However, starting in October of 2016, the church defaulted on this commitment. Consequently, in November of 2016, the Bank of Akron commenced an action in New York State Supreme Court against New Creation Fellowship and Stephen Grant to recover the outstanding indebtedness. Both defendants answered the complaint and asserted cross-claims against the other. During the course of proceedings in state court, CNB Bank became the successor to the Bank of Akron and was substituted as plaintiff. In June of 2021, Supreme Court Justice Dennis E. Ward granted the motion of CNB Bank for summary judgment, "with the exception of CNB's request for attorneys' fees, which is continued and will be decided by a future order of the Court." Before the state court could decide the amount of that liability, however, New Creation Fellowship of Buffalo filed a petition for relief under Chapter 11 of the Bankruptcy Code on November 10, 2021.

On February 8, 2022, Stephen Grant caused the state litigation to be removed to federal court. CNB Bank responded by filing a motion which it characterized as a request under 11 U.S.C. § 362(d)(1) for relief from the automatic stay. In an order dated May 4, 2022, this Court granted stay relief and additionally authorized CNB to proceed in state court "to continue the Action to conclusion and entry of judgment, but not for the purpose of enforcement of the judgment." The net effect was to refer to state court the claims of CNB against New Creation Fellowship and Steven Grant, but to retain in Bankruptcy Court any issues regarding the cross-claims of the debtor and Grant against each other. One day after we authorized the state court to decide the claim of CNB, Supreme Court Justice Dennis E. Ward granted to the bank a money judgment against New Creation Fellowship in the amount of $839,189.35, and against Stephen Grant in the amount of $555,029.21.

CNB Bank now has the benefit of two favorable rulings in state court. Pursuant to his order entered on June 24, 2021 (the "June 24 Order"), Justice Ward determined that New Creation Fellowship and Stephen Ward were liable on the bank's note. The Order of May 5, 2022 (the "May 5 Order") granted a money judgment for sums due on the note, including attorneys' fees. After entry of the June 24 Order, New Creation Fellowship filed a motion for an extension of time to perfect its appeal. In an order entered on March 15, 2022, the Appellate Division dismissed the motion "without prejudice to a new motion for an extension that includes documentary evidence demonstrating the bankruptcy proceedings involving appellant have been discharged or, in the alternative," that the United States Bankruptcy Court has granted an application to lift the automatic stay.

While the New York State Supreme Court has been addressing the claims of CNB Bank, this Court has undertaken to resolve the cross-claims. By stipulation signed by their respective counsel, the debtor and Grant agreed to an order setting a schedule for dispositive motions. Accordingly, on August 31, 2022, Grant filed the present motion for summary judgment. Then on October 13, the debtor filed a cross-motion asking that the Court abstain from considering the cross-claims and instead refer the outstanding disputes to state court.

Both parties have consented to the jurisdiction of this Court with regard to their disputes, including those which might not be deemed core matters as defined by 28 U.S.C. § 157(b)(2). Consent to jurisdiction, however, does not resolve the issue of abstention, as requested by New Creation in its cross-motion.

Pursuant to 28 U.S.C. § 1334(c)(2), this Court is required to abstain from considering various matters "[u]pon timely motion of a party." In the present instance, New Creation Fellowship participated in a pretrial process that resulted in a stipulated schedule for presenting dispositive motions. Consistent with that stipulation, the attorneys for Stephen Grant prepared detailed papers in support of his motion for summary judgment. Only after the submission of those papers did the debtor cross

move for abstention.  Under these circumstances, any request for mandatory abstention is untimely.  Abstention therefore becomes discretionary under the guidelines of 28 U.S.C. § 1334(c)(1).  In relevant part, this subdivision states that nothing in the statute prevents this Court "in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  As explained hereafter, we will here exercise that discretion only for the purpose of determining the finality of the June 24 and May 5 Orders.

Stephen Grant has moved for summary judgment on his first and second cross-claims against the debtor and on all five of the cross-claims that the debtor has asserted against Grant.  For purposes of discussion, these claims are best divided into two categories: those related to the CNB loan and those arising from other conduct.

**1. Claims related to the CNB Loan:**

New Creation Fellowship and Stephen Grant accuse each other of wrongful conduct and a breach of numerous contractual and other obligations.  With regard to liabilities related to the CNB loans, we may not need to consider these arguments, inasmuch as most of the issues have been addressed by state court rulings.  On December 30, 2014, the New York State Supreme Court authorized New Creation Fellowship to borrow $375,000 and directed that the proceeds "be utilized to reimburse" Stephen Grant for various cash advances.  Unless overturned, that decision is res judicata with regard to the debtor's authority to borrow funds and to use those proceeds to pay Stephen Grant.  The application for authorization to borrow money was signed by Pastor Andzel as president of New Creation Fellowship.  Consequently, New Creation Fellowship is now collaterally estopped from disputing its consent to make the loan and to use the proceeds as directed by the court.

In its amended answer to the complaint of the bank to recover on its note and guaranty, New Creation Fellowship asserted that it had never approved either the loan or the application for authority to borrow funds.  The New York State Supreme Court

overruled this defense when Justice Ward issued his June 24 Order on the issue of liability, and when he issued the May 5 Order granting a money judgment to CNB Bank against both Stephen Grant and New Creation Fellowship.  Consequently, to the extent that the June 24 and May 5 Orders become final, principles of res judicata and issue preclusion will compel us to reject any contention of fraud sufficient to disregard the binding effect of the order authorizing a loan pursuant to section 12 of the New York Religious Corporations Law.  It also follows that the note, mortgage and guaranty operate to define the rights of the parties.  Therefore, in considering the cross-claims that Stephen Grant has removed to this Court, we assume the legitimacy and controlling effect of these documents.

On January 9, 2015, New Creation Fellowship gave a promissory note to the Bank of Akron.  Stephen Grant signed that instrument only as a purported officer of the corporation and not in an individual capacity.  Instead, he gave to the bank a commercial guaranty of payment.  Pursuant to the promissory note, New Creation Fellowship assumed the position of primary obligor.  Pursuant to the guaranty, Grant accepted obligations for the benefit of the bank only, but made no promises to the church.

A guarantor is someone who promises to answer for the debt of another.  Absent agreement to the contrary, however, "[a] guarantor's obligation is secondary to the principal obligation." *Pro-Specialties, Inc. v. Thomas Funding Corp.*, 812 F.2d 797, 799 (2d Cir. 1987).  Consequently, the guarantor of a note is entitled to indemnification from the borrower for the full amount that the guarantor may have paid on account of the underlying obligation, together with interest and reasonable costs of defense.  *See Lori-Kay Golf, Inc. v. Lassner*, 61 N.Y.2d 722, 723 (1984); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY §§ 22 and 23 (AM. L. INST. 1996).

As the only obligor on the note, New Creation Fellowship accepted primary responsibility for payment and has no right of contribution from the guarantor.  If the June 24 and May 5 Orders become final, the implicit findings of Judge Ward would compel us to dismiss the debtor's first cross-claim for contribution.  On the other hand, as a

mere guarantor, Stephen Grant has only secondary liability and would be entitled to indemnification from the debtor to the extent that Grant satisfies the indebtedness.  In his first cross-claim, Grant seeks judgment "for the full amount of the sum that [Grant pays the lender], plus reimbursement of all fees and costs incurred in connection with this action, including, without limitation, the reasonable attorneys' fees incurred by Mr. Grant on account of [the debtor's] conduct."  At this time, Grant has presented no evidence of any payment or the nature and fair value of any costs that he may have incurred.  The June 24 and May 5 Orders would compel us to grant summary judgment as to the liability of New Creation Fellowship for indemnification, but even in that event, we would need to defer a determination of damages until submission of proof of payment under the guaranty.  In particular, until review of that proof, we make no determination about the extent for which New Creation Fellowship may be responsible for the legal fees that Grant has incurred.

Grant's second cross-claim seeks to enforce an alleged oral contract of the debtor to reimburse him for any amount that Grant must pay on his guaranty.  Standing alone, this cross-claim would have raised difficult issues of proof, as well as questions regarding application of the New York Statute of Frauds.  *See* N.Y. GEN. OBLIG. LAW § 5-701 (McKinney 2001).  However, the second cross-claim seeks relief identical to what Grant would recover on his first cross-claim.  An award of summary judgment on Grant's first cross-claim would therefore render his second cross-claim moot.

New Creation Fellowship asserts two other cross-claims whose outcome would be at least partially resolved if the June 24 and May 5 Orders become final.  The debtor's second cross-claim seeks to hold Stephen Grant liable for the conversion of $502,037.95. This gross amount includes the sum of $375,000, which represents proceeds of the loan from the Bank of Akron, and checks totaling $45,808.61 that were issued under Grant's signature as payment on the note and mortgage.  In its order of December 30, 2014, the New York State Supreme Court expressly authorized New Creation Fellowship to borrow $375,000 for the purpose of reimbursing Stephen Grant for loans made to the debtor.

If bound by that ruling, we must agree with Grant that his receipt of $375,000 represented not a conversion of funds, but the repayment of an obligation.  Similarly, monthly payments to the Bank of Akron under terms of the note and mortgage represented not a conversion of money, but the satisfaction of an authorized obligation.  In its third cross-claim, New Creation Fellowship seeks reimbursement for fees paid to an accounting firm for the preparation of financial statements that Stephen Grant used in presenting the loan application to the Bank of Akron.  However, the June 24 and May 5 Orders rejected the claim's premise that the debtor never authorized the loan.  If we must assume that the debtor approved the mortgage application, the preparation of supporting financial statements is an expense for which the debtor is responsible.

Final orders of state court are binding when the parties thereafter bring their disputes into Bankruptcy Court.  *Kelleran v. Andrijevic*, 825 F.2d 692 (2d Cir. 1987).  If final, the two orders of Judge Ward would compel this Court to grant the motion of Stephen Grant for summary judgment on his first cross-claim as well as on the debtor's first and third cross-claims, and on that portion of the debtor's second cross-claim which seeks to recover disbursements of $375,000 and $45,808.61.  The problem is that the June 24 and May 5 Orders appear not to be final under the Appellate Division's order dismissing the debtor's motion to extend the time for perfecting an appeal.  As stated by the Appellate Division in its Order of March 15, 2022, that dismissal was "without prejudice to a new motion for an extension that includes documentary evidence demonstrating" either that the bankruptcy proceedings have been dismissed or that this Court has granted relief from the automatic stay of 11 U.S.C. § 362(a).  With regard to the cross-claims related to the CNB loan, because the June 24 and May 5 orders are not yet final, Grant's motion for summary judgment is denied without prejudice.

In the interest of comity, the debtor's motion for abstention will be granted in part, for the limited purpose of allowing the debtor to exhaust its rights to appeal the June 24 and May 5 Orders of Judge Ward.  The automatic stay of 11 U.S.C. § 362 will be deemed lifted for the sole purpose of allowing the parties an opportunity to determine the finality

of those state court orders. However, this limited grant of the motion for abstention is conditioned upon the debtor's prompt exercise of its appellate rights, if any. Should the debtor fail to restart the appellate process within 60 days of the date of this order, we will deem it to have waived its rights of appeal. In that event or in the event that the June 24 and May 5 Orders become final, Stephen Grant may renew his motion for summary judgment on all cross-claims related to the CNB loan.

**2. Claims not related to the CNB Loan:**

The debtor's fourth cross-claim alleges the breach of a promise to donate an automobile. In New York, "pledge agreements calculated to foster eleemosynary enterprises are enforceable." *Woodmere Academy v. Steinberg*, 41 N.Y.2d 746, 749 (1977). However, a factual dispute here remains as to whether Grant has fulfilled his pledge. The remaining cross-claims of New Creation Fellowship all present issues of fact. Accordingly, we will deny that portion of the motion for summary judgment which seeks to dismiss the debtor's fourth and fifth cross-claims and that portion of the debtor's second cross-claim for the alleged conversion of checks totaling $73,096.58 and $8,132.76.

So ordered.

Dated: March 14, 2023           /s/ Carl L. Bucki_____
     Buffalo, New York           Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.